UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                               )
JAMES RAMSEY,                                  )
                                               )
                    Petitioner,                )
                                               )
          v.                                   )     Civil Action No. 07-0433 (PLF)
                                               )
ISAAC FULWOOD JR.,                             )
  Chairman, United States Parole               )
  Commission,                                  )
                                               )
                    Respondent.[1]             )
_____)


MEMORANDUM OPINION AND ORDER

This matter is before the Court to determine whether a certificate of appealability

is warranted.[2]  In a *habeas corpus* proceeding brought under 28 U.S.C. § 2255 the applicant

cannot take an appeal unless a circuit or a district judge first issues a certificate of appealability

under 28 U.S.C. § 2253(c).  See FED. R. APP. P. 22(b)(1).  A certificate of appealability may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).  To make such a showing, "'[t]he petitioner need not show that he should

prevail on the merits. . . .  Rather, he must demonstrate that the issues are debatable among jurists

_____

[1]      The Court has substituted as the defendant Isaac Fulwood Jr., the current
Chairman of the United States Parole Commission, for former Chairman Michael J. Gaines
pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]      The Court denied petitioner's petition for a writ of *coram nobis* or, in the
alternative, for a writ of *habeas corpus* — which the Court treated as a petition for writ of *habeas
corpus* — and petitioner appealed the decision to the United States Court of Appeals for the
District of Columbia Circuit.  Because this Court neither granted nor denied a certificate of
appealability, the Circuit is holding this matter in abeyance pending notification from this Court
of the issuance of a certificate of appealability, or a statement why a certificate should not issue.

of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that petitioner has not made a substantial showing that a constitutional right was denied to him. As illustrated by the Court's Memorandum Opinion denying petitioner's motion, there were no thorny issues of law or disputed facts to be resolved for or against petitioner. Application of the agreed upon facts to clearly established law showed the following: Respondent did not violate petitioner's due process rights by issuing a parole violator warrant after the full term of petitioner's sentence because the warrant and its supplement were issued while petitioner was still on parole; respondent did not unconstitutionally delay executing the parole violator warrant, when it was not executed until the expiration of petitioner's state sentence because due process does not require that a parole violator warrant be executed until after the expiration of the new (state) sentence, see Moody v. Daggett 429 U.S. 78, 89 (1976); petitioner received a timely parole revocation hearing under 28 C.F.R. § 2.102(f) because the revocation hearing occurred within ninety days of the Parole Commission retaking petitioner into custody; and petitioner provided no basis for his allegations that the warrant and the revocation decision were based upon false information. None of petitioner's claims make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

Because petitioner's *habeas corpus* petition does not present a substantial constitutional issue, the Court concludes that a certificate of appealability under 28 U.S.C. § 2253(c)(2) is not warranted in this case. The Court therefore declines to issue one. The Court therefore need not reach the question of whether petitioner should be permitted to proceed *in forma pauperis*. The Clerk of this Court is directed promptly to notify the Clerk of the court of appeals of this Memorandum Opinion and Order and to provide a copy to him.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 28, 2009